UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2463 PA (JPRx) | Date | May 31, 2019 |
|---|---|---|---|
| Title | Valarie Nolte et al v. CEC Entertainment Inc., et al. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

Before the Court are a Motion to Dismiss Pursuant to 12(b)(2) and 12(b)(6) filed by defendant Lauran Bromley (Docket No. 12); a Motion to Dismiss Pursuant to 12(b)(2) and 12(b)(6) filed by defendants Lolo, Inc. ("Lolo") and Bromley, Inc. (Docket Nos. 27, 28); and a Motion for Leave to File Second Amended Complaint (Docket No. 42) filed by plaintiffs Valerie and Richard Nolte ("Plaintiffs"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The Court previously vacated the hearing calendared for May 20, 2019, and the Court hereby vacates the hearings calendared for June 3 and June 10, 2019 and takes the matters off calendar.

**I.   Factual and Procedural Background**

Plaintiffs commenced this action by filing their complaint in Los Angeles County Superior Court on January 4, 2018. (Notice of Removal ¶ 1, Docket No. 1; see Compl., Notice of Removal Ex. 2, Docket No. 1-2.) The complaint named as defendants CEC Entertainment Inc. ("CEC") and 20 Does. (See Notice of Removal Ex. 2 at 13, 14.) On December 7, 2018, Plaintiffs filed amendments identifying Bromley, Lolo, and Bromley, Inc. as three of the Doe defendants. (Notice of Removal ¶ 2; Notice of Removal Ex. 2 at 23-24.) Lauran Bromley removed the action to this Court on April 1, 2019.

According to the complaint, one of the Plaintiffs was injured as a result of "an unsafe ride with steps that negligently did not have handrail for patrons to use" at premises controlled by CEC. (Compl. at 16-18.) Plaintiffs explain in their opposition to Lauran Bromley's motion that "[o]n January 6, 2016, Plaintiffs visited [a] Chuck E. Cheese . . . [in] Lancaster, California . . . where Plaintiff Valerie Nolte was seriously injured on an amusement ride due to a negligent design defect. The amusement ride had been previously purchased by [CEC] from [Lolo]." (Pls.' Opp'n to L. Bromley Mot. at 4, Docket No. 32; see also Docket No. 42-1 at 2, 8-9 (proposed Second Amended Complaint).) The complaint includes causes of action for general negligence, premises liability, and loss of consortium. (Compl. at 15-18.)

Lauran Bromley and, separately, Lolo and Bromley, Inc. move to have Plaintiffs' claims against them dismissed for lack of personal jurisdiction and for failure to state a claim. Plaintiffs move for leave to file an amended complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2463 PA (JPRx) | Date | May 31, 2019 |
|---|---|---|---|
| Title | Valarie Nolte et al v. CEC Entertainment Inc., et al. | | |

**II.   Legal Standards**

    **A.   Personal Jurisdiction**

A defendant may move to have a complaint dismissed for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of establishing personal jurisdiction. Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995). If a court has not heard testimony or made factual determinations, however, the plaintiff must only make a prima facie showing of personal jurisdiction. Id. The plaintiff may use affidavits of knowledgeable witnesses in meeting its burden of proving jurisdiction. Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977). In determining whether the plaintiff has met this burden, a court must take the allegations in the plaintiff's complaint as true and resolve disputed jurisdictional facts in the plaintiff's favor. Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588-89 (9th Cir. 1996).

Before this Court can exercise jurisdiction, an applicable state rule or statute must potentially confer personal jurisdiction over the out-of-state defendant. Fed. R. Civ. P. 4(k). The California long-arm statute provides that a court may exercise jurisdiction on any basis not inconsistent with the State Constitution or the Constitution of the United States. Cal. Civ. Proc. Code § 410.10. Section 410.10 thus imposes limits on the power of California courts to exercise personal jurisdiction that are "coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court." Data Disc, 557 F.2d at 1286 (quoting Republic Int'l Corp. v. Amco Eng'rs, Inc., 516 F.2d 161, 167 (9th Cir. 1975).

A defendant's activities involving the forum state should be such that the defendant "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980). Courts have adopted a two-tiered approach to analyze whether a non-resident defendant's contacts with the forum state are sufficiently substantial so as to comport both with the Constitution and with traditional notions of fair play and substantial justice. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). This two-tiered approach involves a determination of whether a court has general or specific jurisdiction over a defendant. See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998).

        1.   General Jurisdiction

General jurisdiction exists when there are "substantial" or "continuous and systematic" contacts with the forum state, even if the cause of action is unrelated to those contacts. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 415, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)). The contacts with the forum state must be of a sort that "approximate physical presence." Id.; see also Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) ("This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2463 PA (JPRx) | Date | May 31, 2019 |
|---|---|---|---|
| Title | Valarie Nolte et al v. CEC Entertainment Inc., et al. | | |

answer for any of its activities anywhere in the world." (citing Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986))).

"Courts may 'pierce the corporate veil' and assert jurisdiction over an individual defendant where the individual is the 'alter ego' of [a] corporation. 'To apply the alter ego doctrine, the court must determine (1) that there is such unity of interest and ownership that the separate personalities of the corporation and the individuals no longer exist and (2) that failure to disregard the corporation would result in fraud or injustice.'" Gentry v. Empire Med. Training, No. 13-cv-02254-WHO, 2013 WL 4647530, at *3 (N.D. Cal. Aug. 29, 2013) (citation omitted) (citing Davis v. Metro Prods., Inc., 885 F.2d 515, 520 (9th Cir. 1989); and then quoting Flynt Distrib. Co., Inc. v. Harvey, 734 F.2d 1389, 1393 (9th Cir. 1984)); see NuCal Foods, Inc. v. Quality Egg LLC, 887 F. Supp. 2d 977, 991-93 (E.D. Cal. 2012).

  2. Specific Jurisdiction

Specific personal jurisdiction may be exercised when the "nature and quality" of the defendant's contacts with the forum state are significant in relation to the specific cause of action. Data Disc, 557 F.2d at 1287. In order for the forum state to properly assert jurisdiction over an out-of-state defendant, the defendant must have purposefully directed its activities towards residents of the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). Further, the forum-related activities must be related to the claim, and the exercise of jurisdiction must be reasonable. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). The Ninth Circuit has developed a three-part test for assessing the exercise of specific personal jurisdiction over a party:

> (1)   The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2)   The claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3)   The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger, 374 F.3d at 802 (quoting Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)); see Sinatra v. Nat'l Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. 1988). "The plaintiff bears the burden of satisfying the first two prongs of the test. . . . If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2463 PA (JPRx) | Date | May 31, 2019 |
|---|---|---|---|
| Title | Valarie Nolte et al v. CEC Entertainment Inc., et al. | | |

jurisdiction would not be reasonable." Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 476-78).

Concerning the first prong, a "purposeful availment" analysis is usually used in suits sounding in contract while a "purposeful direction" analysis is typically employed in a tort action. Schwarzenegger, 374 F.3d at 802. A defendant purposefully avails himself of the privilege of conducting activities in the forum by deliberately "engag[ing] in significant activities within a State or [creating] 'continuing obligations' between himself and the residents of the forum." Gray & Co. v. Firstenberg Mach. Co., 913 F.2d 758, 760 (9th Cir. 1990) (quoting Burger King, 471 U.S. at 475-76). Purposeful availment "typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." Schwarzenegger, 374 F.3d at 802. The purposeful direction analysis applies the "effects" test derived from Calder v. Jones, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984), and requires "that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002) (citing Bancroft & Masters, 223 F.3d at 1087; Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d 126, 128 (9th Cir. 1995)).

The second requirement, that the "claim must be one which arises out of or relates to the defendant's forum-related activities," is met if the plaintiff would not have been injured "but for" the defendant's activities. Panavision, 141 F.3d at 1322. Finally, the third "reasonableness" prong is satisfied when the following factors weigh in favor of the exercise of jurisdiction over a nonresident defendant:

>   (1)   The extent of purposeful interjection into the forum state;
>   (2)   The burden on the defendant of defending in the forum;
>   (3)   The extent of conflict with the sovereignty of defendant's state;
>   (4)   The forum state's interest in adjudicating the dispute;
>   (5)   The most efficient judicial resolution of the controversy;
>   (6)   The importance of the forum to plaintiff's interest in convenient and effective relief; and
>   (7)   The existence of an alternative forum.

FDIC v. British-Am. Ins. Co., 828 F.2d 1439, 1442 (9th Cir. 1987) (citing Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 840 (9th Cir. 1986); Lake, 817 F.2d at 1421-22; Corp. Inv. Bus. Brokers v. Melcher, 824 F.2d 786, 790 (9th Cir. 1987)).

      **B.**      **Federal Pleading Standards**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2463 PA (JPRx) | Date | May 31, 2019 |
|---|---|---|---|
| Title | Valarie Nolte et al v. CEC Entertainment Inc., et al. | | |

Civil Procedure ("Rules") allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), they also require all pleadings to be "construed so as to do justice," Fed. R. Civ. P. 8(e).  The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of [a] claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Twombly, 550 U.S. at 561 (second alteration in original) (quoting Conley).  Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556.  For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")); see also Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." (quoting Burgert v. Lokelani Bernice Pauahi Bishop Tr., 200 F.3d 661, 663 (9th Cir. 2000))).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotation marks omitted).  In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

      **C.**    **Leave to Amend**

Rule 15 allows a party to amend its pleading once as a matter of course within

      (A) 21 days after serving it, or

      (B) if the pleading is one to which a responsive pleading is required, 21
      days after service of a responsive pleading or 21 days after service of a
      motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "This policy is 'to be applied with extreme liberality.'" Eminence Capital,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2463 PA (JPRx) | Date | May 31, 2019 |
|---|---|---|---|
| Title | Valarie Nolte et al v. CEC Entertainment Inc., et al. | | |

LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).  Courts consider five factors in assessing whether to grant leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.  Desertrain v. City of Los Angeles, 754 F.3d 1147, 1154 (9th Cir. 2014).

**III.     Lauran Bromley's Motion**

Lauran Bromley contends that Plaintiffs fail to establish personal jurisdiction over her.  (See Docket No. 12-1.)  Plaintiffs argue that Lauran Bromley is subject to personal jurisdiction because Lolo is her alter ego and Lolo is subject to general jurisdiction in California.  (Pls.' Opp'n to L. Bromley Mot. at 7-14, Docket No. 32.)

Plaintiffs assert that there is general jurisdiction over Lolo "because [it] sold 104 coin-operated metal amusement horse rides . . . to CEC, the owner of Chuck E. Cheese, who does business in California through its Chuck E. Cheese chain of restaurants/arcades.  One of the 104 amusement rides purchased by CEC . . . was placed in the Chuck E. Cheese restaurant/arcade in Lancaster, California, and Plaintiff Valerie Nolte was seriously injured when using the amusement ride due to design defects."  (Pls.' Opp'n to L. Bromley Mot. at 7.)  Plaintiffs rely on two documents to support the assertion of general jurisdiction.  (See id.)  First, they provide CEC's First Amended Cross-Complaint, filed in state court prior to removal.  (Fiore Decl. Ex. 1, Docket No. 32-2.)  Among other things, CEC alleges that Lolo and Bromley, Inc. are alter egos of one another and Lauran Bromley; Lolo "has substantial contacts with this jurisdiction, including through the stream of commerce involved in this litigation"; and CEC entered into a purchase agreement with Lauran Bromley, Lolo, and Bromley, Inc. on July 15, 2008.  (Id. ¶¶ 4, 5, 11, 12, 21-32.)  Second, Plaintiffs provide a copy of that purchase agreement.  (Fiore Decl. Ex. 2, Docket No. 32-3.)  The agreement lists Lolo as the vendor with an address in Northbrook, Illinois; provides an address for CEC in Irving, Texas; and indicates that 104 units of an item described as "JR JOCKEY" are to be shipped to "SPT DISTRIBUTION" in Topeka, Kansas.  (Id. at 2.)

Neither Lolo's state of incorporation nor principal place of business, the "paradigm all-purpose forums" where a corporation is subject to general jurisdiction, are in California.  Daimler AG v. Bauman, __ U.S. __, 134 S. Ct. 746, 760, 187 L. Ed. 2d 624 (2014); see Williams, 851 F.3d at 1020.  Rather, Lolo is an Illinois corporation with its principal place of business in Illinois.  (Notice of Removal ¶ 14.)  Nor is Lauran Bromley herself subject to general jurisdiction.  "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ."  Bristol-Myers Squibb Co. v. Superior Court of Cal., S.F. Cnty., __ U.S. __, 137 S. Ct. 1773, 1780, 198 L. Ed. 2d 395 (2017) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011)).  Lauran Bromley currently is a citizen and resident of Guam, and since January 2018 she has also resided in Hawaii and Illinois.  (Lauran Bromley Decl. ¶¶ 2-4, Docket No. 12-2; see also Notice of Removal ¶¶ 8-10.)  Plaintiffs have fail to establish that Lolo, or Lauran Bromley, has "substantial" or "continuous and systematic" contacts with California.  CEC's nonspecific allegations are not evidence, and the fact that Lolo sold to CEC the ride that ultimately caused Plaintiffs' injuries is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2463 PA (JPRx) | Date | May 31, 2019 |
|---|---|---|---|
| Title | Valarie Nolte et al v. CEC Entertainment Inc., et al. | | |

irrelevant to the general jurisdiction analysis. See Daimler, 134 S. Ct. at 757 ("Although the placement of a product into the stream of commerce 'may bolster an affiliation germane to specific jurisdiction,' . . . such contacts 'do not warrant a determination that, based on those ties, the forum has general jurisdiction over a defendant.'" (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 927, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011))). "[I]n an exceptional case, a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." Daimler, 134 S. Ct. at 761 n.19 (citation omitted); see Martinez v. Aero Caribbean, 764 F.3d 1062, 1070 (9th Cir. 2014). However, Plaintiffs fail to demonstrate, and the Court does not find, such circumstances here. Plaintiffs thus fail to establish general jurisdiction.

Plaintiffs' evidence also fails to establish specific jurisdiction. "The placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state. Even a defendant's awareness that the stream of commerce may or will sweep the product into the forum state does not convert the mere act of placing the product into the stream of commerce into an act purposefully directed toward the forum state." Holland Am. Line Inc. v. Wartsila N. Am., Inc., 485 F.3d 450, 459-60 (9th Cir. 2007) (citation omitted) (citing Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 112, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987)). Thus, the mere fact that one of 104 amusement rides sold by Lolo to CEC ultimately was placed in California and caused Plaintiffs' injuries is insufficient.

The Court therefore concludes that Plaintiffs have failed to establish personal jurisdiction over Lauran Bromley, whether or not Lolo is her alter ego. Plaintiffs mention in passing that the "completion of further discovery in this case will unequivocally show that personal jurisdiction over Lauran Bromley is proper." (Pls.' Opp'n to L. Bromley Mot. at 13.) Plaintiffs do not actually request jurisdictional discovery, and they do not state what discovery they would conduct or why it would be helpful. A court may properly deny a request for jurisdictional discovery that is "based on little more than a hunch that it might yield jurisdictionally relevant facts." Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008) (citing Butcher's Union Local No. 498 v. SDC Inv., Inc., 788 F.2d 535, 540 (9th Cir. 1986)). Because Plaintiffs fail to demonstrate what discovery could uncover that would establish personal jurisdiction in light of the Court's analysis, jurisdictional discovery is denied. See Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 n.24 (9th Cir. 1977) ("[A] refusal [to permit jurisdictional discovery] is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction.").

In their opposition to Lauran Bromley's motion, Plaintiffs reference their then-forthcoming motion for leave to amend. (Pls.' Opp'n to L. Bromley Mot. at 4-5.) With their motion, Plaintiffs seek leave to add allegations that Lolo and Bromley, Inc., "the corporations who . . . owned, sold, distributed, imported, and/or manufactured the horse ride" that injured Valerie Nolte, are the alter egos of Lauran Bromley. (Pls.' Mot. at 11, 16; see Docket No. 42-1.) However, Lauran Bromley's motion was filed on April 8, 2019, and Plaintiffs did not file their motion for leave to amend until May 7, 2019—more than 21 days later. Accordingly, Plaintiffs must obtain leave from the Court in order to amend their complaint. See Fed. R. Civ. P. 15(a)(1). The amendments that Plaintiffs would make primarily relate to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2463 PA (JPRx) | Date | May 31, 2019 |
|---|---|---|---|
| Title | Valarie Nolte et al v. CEC Entertainment Inc., et al. | | |

their assertions of alter ego liability.  (See Docket No. 42-1.)  Those amendments would not cure the deficiencies.  The Court thus finds that amendment is futile and denies Plaintiffs' motion with respect to Lauran Bromley.  See, e.g., Prods. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd., No. 16-cv-00669-YGR, 2017 WL 3334896, at *3 (N.D. Cal. Aug. 2, 2017).

Accordingly, the Court grants Lauran Bromley's motion to dismiss for lack of personal jurisdiction; denies Plaintiff's motion as it relates to Lauran Bromley; and dismisses Plaintiffs' claims against Lauran Bromley without prejudice.  Lauran Bromley's motion to dismiss Plaintiffs' claims under Rule 12(b)(6) is denied as moot.

**IV.     Lolo's and Bromley, Inc.'s Motion**

Lolo and Bromley, Inc. filed their motion on April 25, 2019.  Because Plaintiffs filed their motion for leave to amend within 21 days of that date, Plaintiffs are entitled to amend their complaint as a matter of course.  Fed. R. Civ. P. 12(a)(1)(B); see Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988) ("Active's motion to amend was unnecessary.  Active could have amended without leave of the court, since no responsive pleading had been filed.  The court should have granted this unnecessary request."  (citation omitted)); Boyd v. Santa Cruz County, No.  15-cv-00405-BLF, 2015 WL 3465837, at *4-5 (N.D. Cal. June 1, 2015) (plaintiff entitled to amend as a matter of right with respect to defendants that had filed motion to dismiss but had to seek leave to amend with respect to defendants that had already answered).  Accordingly, the Court grants Plaintiffs' motion for leave to amend as it relates to Lolo and Bromley, Inc. and denies their motion to dismiss as moot.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015).

**V.      Plaintiffs' Motion**

As already explained, Plaintiffs' motion is denied with respect to Lauran Bromley but must be granted with respect to Lolo and Bromley, Inc.  Plaintiffs also seek leave to amend their claims against CEC and to add two additional defendants, John Kubik and Veronica Kaldis.  (Pls.' Mot. at 1, 6-7; see Docket No. 42-1.)

CEC filed an answer in state court prior to removal of this action, so Plaintiffs may amend their claims against CEC only if granted leave to do so or with CEC's consent.  See Fed. R. Civ. P. 15(a).  CEC has not filed an opposition to Plaintiffs' motion, and the time in which to do so has now passed.  See L.R. 7-9.  CEC's failure to file an opposition may be deemed its consent to amendment of the claims against it.  See L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . .").  Additionally, the relevant factors favor granting leave to amend, as it does not appear that Plaintiffs are acting in bad faith, that the proposed amendments would be futile, or that CEC would be prejudiced.

As for Kubik and Kaldis, the Ninth Circuit has not addressed the issue, but the majority view among the Courts of Appeals is that "Rule 15 allows parties to be added as a matter of course."  No Cost

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2463 PA (JPRx) | Date | May 31, 2019 |
|---|---|---|---|
| Title | Valarie Nolte et al v. CEC Entertainment Inc., et al. | | |

Conference, Inc. v. Windstream Commc'ns, Inc., 940 F. Supp. 2d 1285, 1296-97 (S.D. Cal. 2013). Because Plaintiffs may amend their complaint at least in part as a matter of course, and because Kubik and Kaldis do not oppose Plaintiffs' motion (see Docket No. 52), Plaintiffs are granted leave to amend to add claims against Kubik and Kaldis.

**Conclusion**

  For the foregoing reasons, the Court grants Lauran Bromley's Motion to Dismiss Pursuant to 12(b)(2) and 12(b)(6) (Docket No. 12); grants in part and denies in part Plaintiffs' Motion for Leave to File Second Amended Complaint (Docket No. 42); and denies Lolo's and Bromley, Inc.'s Motion to Dismiss Pursuant to 12(b)(2) and 12(b)(6) (Docket Nos. 27, 28). The Court dismisses Plaintiffs' claims against Lauran Bromley without prejudice for lack of personal jurisdiction. Plaintiffs are granted leave to amend only with respect to CEC, Lolo, and Bromley, Inc. and to add claims against Kubik and Kaldis. The Clerk is ordered to enter the Second Amended Complaint for Damages (Docket No. 42-1) attached as an exhibit to Plaintiffs' motion.

  IT IS SO ORDERED.