Marvin J. Straus, State Bar #199315
mjs@strausmeyers.com
**STRAUS MEYERS, LLP**
225 Broadway, Ste. 1550
San Diego, CA 92102
Tel: 619-595-6020
Fax: 619-535-0201
Attorney for Defendants LOLO, INC.
And BROMLEY, INC.
and for Cross-Defendants VERONICA
KALIS and JOHN KUBIK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| VALARIE NOLTE and RICHARD NOLTE,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CEC ENTERTAINMENT INC., LOLO, INC., LAURAN BROMLEY, BROMLEY INC., and DOES 4 through 20, inclusive,<br><br>    Defendants.<br><br>AND RELATED CROSS-ACTIONS | CASE NO. 2:19-CV-02463 PA (JPRx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CROSS-DEFENDANTS' MOTION FOR ATTORNEY'S FEES PURSUANT TO CALIFORNIA CIVIL CODE § 1717 AGAINST CROSS-CLAIMANT CEC ENTERTAINMENT INC. IN THE AMOUNT OF $16,225.00**<br><br>Date:   September 16, 2019<br>Time:   1: 30p.m.<br>Ctrm:   9A |

///

///

///

///

- 1 -

# I. INTRODUCTION

When a contract allows for attorney's fees, the prevailing party is entitled to attorney's fees under California Civil Code § 1717. This Court dismissed Bromley, Inc., ("Bromley") John Kubik, and Veronica Kaldis against CEC Entertainment ("CEC") for lack of personal jurisdiction. The Court should award Bromley, John Kubik, and Veronica Kaldis their attorney's fees in the total amount of $16,225.00 to compensate them for defending this action against CEC.

## II. CROSS-DEFENDANTS ARE ENTITLED TO REAONABLE ATTORNEY'S FEES UNDER CALIFORNIA CIVIL CODE 1717(a)

In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney's fees. *Carnes v Zamania*, 488 F.3d 1057, 1059 (9th Cir. 2007). California Civil Code §1717(a) provides "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

CEC filed its Amended Cross-Complaint, and Second Amended Cross-Complaint against Cross-Defendants that included Bromley, John Kubik, and Veronica Kaldis. *See* Second Amended Crossclaim, Docket No. 71. CEC's Amended Cross-Complaint and Second Amended Cross-Complaint included causes of action for express indemnity and breach of contract. *Id.* CEC's allegations were based on a purchase agreement that included the following provision:

"Vendor shall defend, indemnify and hold harmless CEC, and its subsidiaries, affiliates, officers, directors, shareholders, customers, agents, and employees against any and all costs, expenses, losses, damages, or liabilities (**including attorneys' fees and costs**) arising in connection with any (i) breach of

- 2 -

these terms and conditions; (ii) a breach of any of its warranties or representations contained herein; (iii) any claim based on the negligence, omissions or willful misconduct of Vendor or any Vendor's Assistants; (iv) any actual or alleged personal injury, property damage, or contamination of the environment caused by or arising out of the Services or use of the Products or Services, manufacturing defect in the Products, failure of the Products or Services to comply with all federal, state and local laws and regulations,, failure to comply with all federal, state and local laws and regulations…" *Id.* Exhibit 2.

Bromley, John Kubik, and Veronica Kaldis were not in privity of contract with CEC. However, California Civil Code § 1717 is lot limited solely to the other contracting party to the contract. California Civil Code § 1717 is read broadly and award attorney's fees to the prevailing party whether he is the one specified in the contract. *Beneficial Standard Properties, Inc. v. Scharps*, 67 Cal. App. 3d 227 * 231 (1977). Bromley, John Kubik, and Veronica Kaldis are the prevailing party in this matter as they were dismissed based on personal jurisdiction. A party is considered a prevailing party when a motion to dismiss is granted, whether or not the suit proceeds to final judgment. *Willis Corroon Corp. v. United Capitol Ins. Co.*, (1998) 1998 U.S. Dist. LEXIS 5394 * 8. A defendant does not forfeit a collateral right to attorney fees by choosing to assert the right to challenge the court's in personam jurisdiction. *Shisler v. Sanfer Sports Cars, Inc.*, (2008) 167 Cal. App. 4th 1 * 7. Bromley, John Kubik, and Veronica Kaldis, as the prevailing parties against CEC are entitled to attorney's fees.

### III. CROSS-DEFENDANTS ATTORNEY'S FEES ARE REASONABLE

The fee setting inquiry in California ordinarily begins with the "lodestar," i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate… The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided. *Ketchum v Moses,* (2001) 24 Cal. 4th 1122, 1134. Straus Meyers, LLP spent numerous hours vigorously defending Bromley, John Kubik, and Veronica Kaldis, including extensive motion work. CEC filed a first amended

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEY'S FEES PURSUANT TO CALIFORNIA CODE § 1717 AGAINST CROSS-CLAIMANT CEC ENTERTAINMENT INC.

3

Case 2:19-cv-02463-PA-JPR   Document 105-1   Filed 08/16/19   Page 4 of 5   Page ID #:1526

complaint. *See* Docket No. 25. On June 3, 2019, Bromley, filed a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6). *See* Docket No. 56. On June 3, 2019, John Kubik and Veronica Kaldis filed a motion to dismiss the first amended cross-complaint based on Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6). *See* Docket No. 57. On June 26, 2019, the Court allowed CEC to file a second amended cross-complaint. *See* Docket. No. 70. On July 11, 2019, Bromley filed a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6). *See* Docket No. 74. On July 11, 2019, John Kubik and Veronica Kaldis filed a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6). *See* Docket No. 75. The amount of hours Straus Meyers, LLP performed in planning, preparing, analyzing, researching, and drafting are reasonable and justified as Straus Meyers, LLP had to file multiple motions against CEC. Attached as exhibit 1 is a billing statement showing actual hours billed in defending the claims against CEC. Marvin J. Straus' Declaration, ¶ 2. The billing statement is redacted for confidentiality. The hours spend defending this matter against Plaintiffs Veronica Nolte and Richard Nolte are also redacted. After redactions, Partner Marvin J. Straus billed 7.1 hours, Chase R. Goodman billed 38.5 hours, Emily Waring billed 3.5, and Cristina Hernandez billed 2.5 hours. *Id* 2.

California Civil Code § 1717(a) provides in part, "Reasonable attorney's fees shall be fixed by the court and shall be an element of the costs of suit." This standard applies regardless of whether the attorneys claiming fees charge nothing for their services, chare at below-market or discounted rates, represent the client on a straight contingent fee basis, or are in-house counsel. *Nemecek & Cole v. Horn*, (2012) 208 Cal App. 4th 641, 651. A widely recognized compilation of attorney and paralegal rate data is the Laffey Matrix, so named because of the case that generated the index. *Craigslist, Inc. v. Mesiab.*, (2010) 2010 U.S. Dist. LEXIS 134411 * 46.

- 4 -
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEY'S FEES PURSUANT TO CALIFORNIA CODE § 1717 AGAINST CROSS-CLAIMANT CEC ENTERTAINMENT INC.**

Exhibit 1 sets forth the billing for the work done in this matter. Marvin J. Straus' Declaration, ¶ 2. The Straus Meyers, LLP requested rate of $375.00 for partners, $325.00 for associates and $175.00 for paralegals, in this matter is very reasonable within the U.S. District Court based on experience and expertise. *Id.* ¶ 3-6. Under the current Laffey Matrix, an attorney with twenty plus years of experience is entitled to a reasonable rate of $899.00 an hour; an attorney with eight to ten years of experience is $661.00; and the current paralegal and law clerk rate is $203.00 an hour. *Id.* ¶ 7. Based on the Laffey Matrix, the amounts requested in this matter are very reasonable. *Id.* ¶ 3-6.

## IV.  CONCLUSION

For the reasons set forth above, Cross-Defendants Bromley, Inc., John Kubik, and Veronica Kaldis respectfully requests the Court to award their reasonable attorney's fees pursuant to California Civil Code § 1717 against CEC, in the amount of $16,225.00

Dated:  August 16, 2019                                                    */s/Marvin J. Straus*

4820-1596-9184, v. 2

- 5 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEY'S FEES PURSUANT TO CALIFORNIA CODE § 1717 AGAINST CROSS-CLAIMANT CEC ENTERTAINMENT INC.**